**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| FIRSTFIRE GLOBAL OPPORTUNITIES FUND, LLC, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:25-cv-00633 |
| Plaintiff, | CLASS ACTION |
| v. | |
| VENTURE GLOBAL, INC., MICHAEL SABEL, JONATHAN THAYER, ROBERT PENDER, SARAH BLAKE, SARI GRANAT, ANDREW OREKAR, THOMAS J. REID, JIMMY STATON, RODERICK CHRISTIE, GOLDMAN SACHS & CO. LLC, J.P. MORGAN SECURITIES LLC, and BofA SECURITIES, INC., | |
| Defendants. | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO**
**TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .......................................................**Error! Bookmark not defined.**

PRELIMINARY STATEMENT .................................................................................. 1

FACTUAL HISTORY ................................................................................................ 1

ARGUMENT ............................................................................................................. 2

     A.     IMRF Has Not Engaged in Forum Shopping ........................................... 3

     B.     Defendants Have Not Presented Sufficient Evidence to Merit Transfer ................ 6

          1.     Lead Plaintiff's Choice of Form Is Afforded Substantial Weight .............. 6

          2.     This District Is Clearly the Most Convenient Venue for Witnesses ........... 7

          3.     This District Is the Most Convenient Venue for the Parties ....................... 9

          4.     The Interests of Justice Do Not Weigh in Favor of Transfer .................... 10

CONCLUSION ......................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*,
2025 WL 918183 (S.D.N.Y. Mar. 25, 2025) ....................................................................5

*In re Anadarko Petro. Corp.*,
2012 WL 12894796 (S.D.N.Y. Mar. 19, 2012) ...............................................................4, 5

*Atlanta Channel, Inc. v. Solomon*,
2020 WL 3513700 (E.D. Va. June 29, 2020) .........................................................................11

*Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Epic Sheet Metal, Inc.*,
2023 WL 12031487 (E.D. Va. Dec. 12, 2023) .........................................................................2

*In re CenturyLink, Inc. Sec. Litig.*,
2014 WL 1089116 (S.D.N.Y. Mar. 18, 2014) .......................................................................11

*Cole-Tuve, Inc. v. Am. Mach. Tools Corp.*,
342 F. Supp. 2d 362 (D. Md. 2004) .........................................................................................8

*De Ford v. Koutoulas*,
2024 WL 3851257 (M.D. Fla. Aug. 16, 2024) ....................................................................6, 7

*Fischer Farms v. Big Iron Auction Co., Inc.*,
2020 WL 475607 (D.S.D. Jan. 28, 2020) ................................................................................8

*Garity v. Tetraphase Pharms. Inc.*,
2019 WL 2314691 (S.D.N.Y. May 30, 2019) .............................................................7, 8, 9, 10

*Glob. Tel*Link Corp. v. Securus Techs. Inc.*
2014 WL 860609 (E.D. Va. Mar. 5, 2014) ..............................................................................8

*Ito-Stone v. DBV Techs. S.A.*,
2020 WL 6580776 (D.N.J. Nov. 10, 2020) .............................................................................9

*LG Elecs. Inc. v. Advance Creative Comput. Corp.*,
131 F. Supp. 2d 804 (E.D. Va. 2001) .....................................................................................11

*LIOBMedia, LLC v. Dataflow/Alaska, Inc.*,
2007 WL 2109279 (E.D. Va. July 16, 2007) ........................................................................6, 7

*Lockhart v. Garzella*,
2020 WL 6146598 (S.D. Ohio Oct. 20, 2020) .......................................................................2, 7

*In re Millennial Media, Inc. Sec. Litig.*,
   2015 WL 3443918 (S.D.N.Y. May 29, 2015) ...........................................................................5

*Meza v. Procter & Gamble Co.*,
   2023 WL 3267861 (C.D. Cal. Apr. 27, 2023) ........................................................................5

*Newbauer v. Jackson Hewitt Tax Service Inc.*,
   2019 WL 1398172 (E.D. Va. Mar. 28, 2019) .........................................................................6

*Oklahoma Firefighters Pension & Ret. Sys. v. Xerox Corp.*,
   2017 WL 775850 (S.D.N.Y. Feb. 28, 2017)............................................................................5

*Parchmann v. MetLife, Inc.*,
   2018 WL 5115075 (E.D.N.Y. Sept. 28, 2018) ........................................................................7

*Phillips v. Churchill Capital Corp. IV*,
   2021 WL 11628687 (N.D. Ala. Dec. 1, 2021) ........................................................................4

*Ross v. Davis*,
   74 F. Supp. 3d 231 (D.D.C. 2014) .........................................................................................6

*Steck v. Santander Consumer USA Holdings Inc.*,
   2015 WL 3767445 (S.D.N.Y. June 17, 2015) .....................................................................3, 7

*StrikeForce Techs., Inc. v. SecureAuth Corp.*,
   2017 WL 8809781 (E.D. Va. June 9, 2017) .........................................................................10

*Trs. of Columbia Univ. in City of New York v. Symantec Corp.*,
   2014 WL 1329417 (E.D. Va. Apr. 2, 2014) ......................................................................2, 10

*United States v. Google LLC*,
   661 F. Supp. 3d 480 (E.D. Va. 2023) .............................................................................11, 12

*Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*,
   2003 WL 22387598 (N.D. Cal. Oct. 14, 2003) .....................................................................6

*Woldanski v. TuSimple Holdings, Inc.*,
   2023 WL 1795191 (S.D.N.Y. Feb. 7, 2023)...........................................................................8

**Statutes**

15 U.S.C. § 77z-1(a)(3)(A)(II)..........................................................................................................4

28 U.S.C. § 1404(a) ......................................................................................................................1, 2

iii

The presumptive and unopposed Lead Plaintiff, Illinois Municipal Retirement Fund ("IMRF"), respectfully submits this memorandum of law in opposition to the Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) filed by Defendants Venture Global, Inc. ("Venture Global"), Michael Sabel, Jonathan Thayer, Robert Pender, Sarah Blake, Sari Granat, Andrew Orekar, Thomas J. Reid, Jimmy Staton, Roderick Christie, Goldman Sachs & Co. LLP, J.P. Morgan Securities LLC, and BofA Securities, Inc. (collectively, "Defendants").  ECF Nos. 25-26.

## PRELIMINARY STATEMENT[1]

Defendants made their motion to transfer the venue of this action (the "Action") from this District to the Southern District of New York ("SDNY") without proffering any meaningful evidence, and it should be denied.  Defendants bear the burden of demonstrating, with specific and convincing evidence, that transfer is warranted.  Instead of evidence, Defendants present a series of baseless forum shopping allegations while failing to show why any of the factors relevant to deciding transfer motions weigh in favor of a transfer.  Based on the actual, available evidence, the balance of factors, including plaintiff's choice of forum, justice, and the convenience of witnesses and parties, weigh decisively against transfer.  Therefore, Defendants' motion should be denied, and the case should remain in this Court.

## FACTUAL HISTORY

A lawsuit alleging substantially similar claims to the present Action (including that Defendants violated the Securities Act of 1933 (the "Securities Act")) was filed in SDNY on February 27, 2025 by a putative Class member named Gerald Bowes.  *Bowes v. Venture Global, Inc.*, No. 25-cv-01364 (S.D.N.Y.) (the "SDNY Action").  The present Action was filed April 15, 2025 by putative Class Member FirstFire Global Opportunities Fund, LLC also alleging that

---

[1] All internal citations are omitted and emphasis added, unless noted.

Defendants violated the Securities Act.  ECF No. 1.  Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), on April 18, 2025, three putative Class members filed motions for Lead Plaintiff appointment.  ECF Nos. 3, 7, and 11.  These same putative Class members filed substantively similar motions in the SDNY Action.  SDNY Action, ECF Nos. 15, 20, and 33.  Each movant, other than IMRF, has either withdrawn its motion or filed a notice that they do not oppose IMRF's appointment.  ECF Nos. 16 and 36.  Therefore, IMRF is the unopposed, presumptive Lead Plaintiff in the Action.

On April 24, 2025, plaintiff Bowes filed a notice of voluntary dismissal of the SDNY Action.  SDNY Action, ECF No. 41.  Subsequently, the Honorable Paul A. Engelmayer, the judge assigned to the SDNY Action, confirmed that the SDNY Action was dismissed.  SDNY Action, ECF No. 44.

## ARGUMENT

Defendants have requested transfer pursuant to 28 U.S.C. § 1404(a).  In evaluating whether to grant such a motion, this Court has held that "District courts within this circuit consider four factors when deciding whether to transfer venue: (1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Epic Sheet Metal, Inc.*, 2023 WL 12031487, at *1 (E.D. Va. Dec. 12, 2023).

This motion must be denied unless Defendants have provided clear evidence that these factors weigh in favor of a transfer.  This is because "[t]he movant bears the burden of showing that transfer is proper." *Trs. of Columbia Univ. in City of New York v. Symantec Corp.*, 2014 WL 1329417, at *4 (E.D. Va. Apr. 2, 2014).  In other words, "[t]ransfer pursuant to § 1404, must be to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Lockhart v. Garzella*, 2020 WL 6146598, at *5 (S.D. Ohio Oct. 20, 2020).  The presumption in

2

favor of keeping this Action in this District is even stronger where, as here, the Defendant issuer is headquartered in this District. ECF No. 26 at 15 ("Venture Global is headquartered in Arlington, Virginia."). *Steck v. Santander Consumer USA Holdings Inc.*, 2015 WL 3767445, at *3 (S.D.N.Y. June 17, 2015) ("While there is no *per se* rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered, such transfers to the issuer's home district are routine as a practical matter."). Here, Defendants have in no way carried their burden of proving that the balance of factors weighs in favor of a transfer to SDNY. ECF No. 26 at 10. Thus, the matter should remain here.

### A. IMRF Has Not Engaged in Forum Shopping

Defendants' brief primarily consists of baseless allegations that IMRF is forum shopping by not agreeing to transfer the Action out of this District. Defendants' assertion is that IMRF's opposition to the present motion is part of a series of maneuvers conducted by IMRF to avoid litigating this Action before Judge Paul A. Engelmayer in the SDNY Action. Of course, this speculation ignores the obvious fact that ***IMRF did not file either action.*** As a matter of basic logic, it is absurd to suggest that IMRF "shopped" for a forum it did not even originally select. None of Defendants' arguments overcome this obvious point.

First, Defendants make much of the fact that plaintiff FirstFire Global Opportunities Fund, LLC in this Action did not disclose the SDNY Action when it was initially filed. ECF No. 26 at 11. IMRF was not the plaintiff that filed this Action, and IMRF informed this Court of the SDNY Action in its first filing. ECF No. 4 at 1 n.1. Therefore, IMRF in no way tried to hide the SDNY Action from this Court or have the lawsuit moved here. Again, neither IMRF nor its counsel was involved in the filing of either case.

Second, Defendants suggest that IMRF is impermissibly maneuvering to have this Action litigated in this District because it filed a Lead Plaintiff motion in the SDNY Action as well as this

3

Action.  ECF No. 26 at 12-13.  As a matter of course, IMRF filed its motion on both dockets, as did every other movant that moved for Lead Plaintiff appointment in this Action, as described above.  In doing so, IMRF was simply acting on the then-current procedural circumstances: two related actions were pending, and IMRF believed it was the appropriate Lead Plaintiff in each. The PSLRA requires putative Class members who seek lead plaintiff appointment to file motions by a particular date, a requirement IMRF met.  15 U.S.C. § 77z-1(a)(3)(A)(II); ECF No. 4 at 4.

Defendants criticize IMRF for not arguing that this District was the appropriate venue in its Lead Plaintiff motions and claim that doing so now means that IMRF is "alter[ing] its position drastically."  ECF No. 26 at 12.  But IMRF's Lead Plaintiff motion was not the appropriate place to make such arguments.  Before IMRF became the presumptive Lead Plaintiff, it had no authority to attempt to transfer the SDNY Action to this District.  Nor was transfer pending in either case at the time lead plaintiff motions were filed.  Once appointed Lead Plaintiff, IMRF would have been in the appropriate position to make any necessary transfer motions.  Moreover, as soon as Defendants indicated their intent to file a motion to transfer this Action (ECF No. 18), IMRF responded notifying the Court of its intent to oppose any such motion.  ECF No. 20.  Thus, IMRF did not delay stating its position regarding the appropriate venue for this Action.

It is entirely appropriate for a lead plaintiff in a PSLRA action to wait until after appointment to express their position on the appropriate venue.  For instance, in *Phillips v. Churchill Capital Corp. IV*, the lead plaintiff was appointed in a jurisdiction originally selected by another plaintiff.  2021 WL 11628687, at *3 (N.D. Ala. Dec. 1, 2021).  The court deferred to the lead plaintiff's choice of forum, despite the fact that it was different than the forum chosen by the plaintiff which filed the lawsuit.  *Id.*  Similarly, here IMRF cannot be prejudiced by the fact that it followed the PSLRA's directive to file its motion for appointment in the pending actions.  *See In*

4

*re Anadarko Petro. Corp.*, 2012 WL 12894796, at *4 (S.D.N.Y. Mar. 19, 2012) (finding a lead plaintiff which merely "filed a motion for appointment as lead plaintiff," as required by the PSLRA, did not choose a particular forum).

Finally, Defendants claim that IMRF now opposes the transfer motion to avoid litigating before Judge Engelmayer.  Again, Defendants have provided no evidence to support this speculative accusation.  Instead, they point to an opinion issued by Judge Engelmayer 10 years ago critical of IMRF's chosen Lead Counsel Labaton Keller Sucharow LLP ("Labaton").  *See In re Millennial Media, Inc. Sec. Litig.*, 2015 WL 3443918, at *1 (S.D.N.Y. May 29, 2015).  Based on this, Defendants speculate that IMRF "file[d] cases in multiple jurisdictions, wait[ed] to see which judges [were] assigned . . . then dismiss[ed] where they do not like the results."  ECF No. 26 at 13-14.  ***Again, neither IMRF nor Labaton filed either of the relevant actions***.  Any assertion by Defendants to the contrary is wrong.  Therefore, it is simply not the case that IMRF attempted to maneuver to avoid a particular judge.  As discussed below, IMRF believes this District to be the appropriate jurisdiction under the relevant factors, and its determination that this District is the appropriate venue is not related to its desire to litigate the Action in front of a particular judge.[2]

Defendants' case law is inapposite.  For instance, in *Meza v. Procter & Gamble Co.*, the court found that a plaintiff engaged in forum shopping where its counsel filed multiple virtually identical actions in multiple jurisdictions and dismissed certain of those actions to avoid unfavorable rulings.  2023 WL 3267861, at *4 (C.D. Cal. Apr. 27, 2023).  Here, neither IMRF nor

---

[2] For the avoidance of doubt, neither IMRF nor Labaton is in any way reluctant to litigate this Action before Judge Engelmayer.  Labaton has considerable experience successfully representing investors in PSLRA actions before Judge Engelmayer. *See Oklahoma Firefighters Pension & Ret. Sys. v. Xerox Corp.*, 2017 WL 775850, at *6 (S.D.N.Y. Feb. 28, 2017) (appointing Labaton as liaison counsel for a class of investors); *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co.*, 2025 WL 918183, at *1 (S.D.N.Y. Mar. 25, 2025) (approving a $29.75 million settlement for investors in case where Labaton served as additional counsel).

its counsel filed either of the relevant actions, and therefore in no way shopped for a favorable forum. Similarly, in *Newbauer v. Jackson Hewitt Tax Service Inc.*, the court found that plaintiffs engaged in forum shopping where they filed a case on one docket, dismissed it, then filed the same case on another docket. 2019 WL 1398172, at *13 (E.D. Va. Mar. 28, 2019). In *Ross v. Davis*, moreover, the court found a plaintiff had engaged in forum shopping by filing a complaint in one district, dismissing it, and filing the same action in another district. 74 F. Supp. 3d 231, 239 (D.D.C. 2014). The same is true of *Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*, where the same plaintiffs and attorneys tried to file the same action twice. 2003 WL 22387598, at *6 (N.D. Cal. Oct. 14, 2003). Again, IMRF did not file any complaint in either action. Therefore, IMRF has not engaged in forum shopping, Defendants have failed to provide evidence otherwise, and this transfer motion should be denied.

**B.    Defendants Have Not Presented Sufficient Evidence to Merit Transfer**

None of the factors courts in this District consider when deciding a transfer motion, including plaintiff's choice of forum, convenience, and the interests of justice, weigh in favor of a transfer.

**1.    Lead Plaintiff's Choice of Form Is Afforded Substantial Weight**

First, the presumptive Lead Plaintiff's choice of this District as the forum for the Action weighs heavily against transfer. As this Court has noted, "Plaintiff's initial choice of forum must be given weight." *LIOBMedia, LLC v. Dataflow/Alaska, Inc.*, 2007 WL 2109279, at *3 (E.D. Va. July 16, 2007).

Defendants are quick to argue that Lead Plaintiff's choice is "almost no weight." ECF No. 26 at 14. Not so. Even in class actions like this Action, the Lead Plaintiff's choice is heavily weighted. For instance, in *De Ford v. Koutoulas*, a class action under the PSLRA, plaintiff's choice of forum weighed significantly in favor of denying defendants' motion to transfer because,

6

despite the fact that plaintiff did not reside in the district, "[p]laintiffs have a venue privilege." 2024 WL 3851257, at *4 (M.D. Fla. Aug. 16, 2024); *see also Parchmann v. MetLife, Inc.*, 2018 WL 5115075, at *4 (E.D.N.Y. Sept. 28, 2018), *report and recommendation adopted*, 2018 WL 5113138 (E.D.N.Y. Oct. 19, 2018) (finding that even though under some circumstances a court "gives less deference to [Lead Plaintiff's] forum selection, this does not mean the Court gives his choice no deference").

Lead Plaintiff's choice of forum is afforded greater weight where, as here, there is a strong tie between the Action and the District. *LIOBMedia, LLC*, 2007 WL 2109279, at *3 ("Plaintiff's choice of forum is entitled to additional weight because the contacts between this action and this District are strong."). Here, Venture Global is headquartered in this District and much of the alleged conduct, including the preparation of false and misleading offering documents, occurred here. In a similar instance, in *Lockhart*, the court considered where the "center of gravity" was for a case which included claims under the Securities Act. 2020 WL 6146598, at *6. The court found that the center of gravity was the location of the Defendant company's headquarters, finding that conduct in that location "undoubtedly constitutes the overwhelming bulk of the allegations and the center of gravity of the case." *Id.*; *see Steck v. Santander Consumer USA Holdings Inc.*, 2015 WL 3767445, at *6 (S.D.N.Y. June 17, 2015) (finding the location of the issuer's headquarters to be the appropriate forum); *Garity v. Tetraphase Pharms. Inc.*, 2019 WL 2314691, at *4 (S.D.N.Y. May 30, 2019) (same). Therefore, there are substantial ties between the District and the Action and IMRF's forum selection should be afforded considerable weight.

### 2.    This District Is Clearly the Most Convenient Venue for Witnesses

Even putting aside the presumptive Lead Plaintiff's choice of forum, Defendant have not satisfied their burden of providing evidence that SDNY is a more convenient forum for the relevant

witnesses.[3]  For a transfer motion to be granted based on the convenience of witnesses, Defendants need to proffer specific evidence regarding the witnesses and explain the substance of their potential testimony.  *See Cole-Tuve, Inc. v. Am. Mach. Tools Corp.*, 342 F. Supp. 2d 362, 370 (D. Md. 2004) ("[T]he Defendant has neither identified the witnesses nor proffered the substance of the testimony of any of the witnesses nor submitted any affidavits explaining to the Court why and to what extent the witnesses will be inconvenienced if the case proceeds in this district." ); *Fischer Farms v. Big Iron Auction Co., Inc.*, 2020 WL 475607, at \*6 (D.S.D. Jan. 28, 2020) ("The party seeking the transfer must identify, typically by affidavit, the key witnesses to be called, state their residence, and provide at least a general summary of what their testimony will cover.").  Here, Defendants have provided no such evidence.

Further, it is clear that this District, where Venture Global is headquartered, is the most convenient venue for the relevant witnesses.  This Action is brought under the Securities Act and alleges that Defendants issued false and misleading statements in the offering documents connected to Venture Global's initial public offering ("IPO").  ECF No. 1.  Courts have consistently held that in such cases, the key witnesses are "company officers and employees responsible for [the issuer's] public statements, including employees who prepared for the [relevant offering], and who drafted and signed the registration statement." *Woldanski v. TuSimple Holdings, Inc.*, 2023 WL 1795191, at \*4 (S.D.N.Y. Feb. 7, 2023) (finding that even if the relevant underwriters were located in New York, the location of the defendant issuer was still the more convenient forum); *see also Tetraphase Pharms. Inc.*, 2019 WL 2314691, at \*3 ("In a securities

---

[3]  Defendants rely on *Glob. Tel\*Link Corp. v. Securus Techs. Inc.* for the contention that if the weight in favor of plaintiff's choice of forum is removed, they are "well on their way to meeting their burden [for transfer]."  2014 WL 860609, at \*5 (E.D. Va. Mar. 5, 2014).  This ignores the next sentence in that opinion, making it clear the movant must still show that "the balance of the conveniences weighs sufficiently in favor of transfer."  *Id.*

class action, courts presume the key witnesses are officers and employees of [the corporate issuer] who participated in drafting or distributing [the challenged] statements."). Therefore, the key witnesses in the Action are likely to be Venture Global employees based in its headquarters in this District.

The only argument that Defendants make that SDNY is more convenient for relevant witnesses is that certain underwriters relevant to the IPO operate in SDNY. ECF No. 26 at 15-16. However, in cases under the Securities Act, the location of underwriters is afforded much less weight than the location of the issuer. *Tetraphase Pharms. Inc.*, 2019 WL 2314691, at *3 ("[I]n cases involving alleged misrepresentations in a registration statement, [t]he Underwriter Defendants' potential due diligence defense will arise only if liability is established, diminishing the weight that could be accorded to the convenience of Underwriter Defendants' employees."). Moreover, Defendants argue that certain underwriters are not named as defendants in the present action, so their location is afforded more weight. ECF No. 26 at 17. However, here, the Lead Plaintiff is likely to exercise its discretion to name each underwriter in an amended complaint. *Ito-Stone v. DBV Techs. S.A.*, 2020 WL 6580776, at *3 (D.N.J. Nov. 10, 2020) ("[A]mendment of plaintiff class action complaints after the initial pleading is commonplace.").

Therefore, Defendants have failed to meet their burden of providing evidence that SDNY is a more convenient jurisdiction for relevant witnesses.

### 3.    This District Is the Most Convenient Venue for the Parties

Defendants further fail to provide evidence that SDNY is the most convenient for the parties. Defendants point out that the filing plaintiff, FirstFire Global Opportunities Fund, LLC, is based in New York. ECF No. 26 at 17. FirstFire Global Opportunities Fund, LLC has not sought appointment as Lead Plaintiff and will not have a role in the Action going forward. Therefore, its convenience is irrelevant. Similarly, as Defendants acknowledge, the convenience

of counsel is not a factor. ECF No. 26 at 18. As discussed above, the convenience of Defendants is clearly split between this District (where issuer Venture Global is headquartered) and SDNY (where some of the relevant underwriters are based). Further, as discussed above, in actions under the Securities Act the location of the issuer is given more weight. Therefore, Defendants have failed to show this factor weighs in favor of transfer.

In addition, in discussing the convenience of the parties, Defendants are quick to dismiss that this District is clearly the location of relevant documentary evidence, but courts still weigh this factor in deciding a transfer motion. *See Trs. of Columbia Univ. in City of New York*, 2014 WL 1329417, at *9 ("[I]n assessing the convenience to the parties, the Court may consider the location of relevant documentary evidence. While this factor has less significance in the age of electronic discovery . . . it should not be entirely discounted."). This factor clearly weighs in favor of keeping this Action in Venture Global's home district where the bulk of the documents relevant to the IPO offering documents and the company's financial condition are located. *Tetraphase Pharms. Inc.*, 2019 WL 2314691, at *3 ("[C]ourts have found this factor to weigh in favor of transfer to the corporate issuer's home forum in securities class actions."); *see also StrikeForce Techs., Inc. v. SecureAuth Corp.*, 2017 WL 8809781, at *2 (E.D. Va. June 9, 2017) (finding that the district where Defendant's headquarters is located is more convenient for the parties in part because "almost all of its witnesses and documents are located in" that district).

### 4.    The Interests of Justice Do Not Weigh in Favor of Transfer

Finally, Defendants have failed to show how transferring this Action to SDNY is in the interests of justice. Defendants' only argument in this respect is to speculate that IMRF has engaged in forum shopping. That argument is addressed above. Therefore, Defendants have not met their burden.

10

Moreover, multiple factors weigh in favor of finding that the interests of justice are best served by retaining the Action in this jurisdiction. First, justice is best served by litigating the Action where similar cases are being litigated. A related derivative action is currently pending in this District. *See White v. Sabel*, No. 25-cv-00792 (E.D. Va.). In a similar instance, *In re CenturyLink, Inc. Securities Litigation*, the Court found that the interest of justice was best served by litigating a case brought under the federal securities laws in a jurisdiction where "similar consolidated shareholder derivative suits against Defendants" were pending. 2014 WL 1089116, at *2 (S.D.N.Y. Mar. 18, 2014). Likewise here, justice is best served by keeping this Action in the same District as the related derivative lawsuit.

Defendants attempt to make a similar argument by citing *Atlanta Channel, Inc. v. Solomon*, 2020 WL 3513700, at *2 (E.D. Va. June 29, 2020), and arguing that this Action should be transferred to SDNY because that is the location of the first-filed SDNY Action. But in *Atlanta Channel, Inc.*, the parties were actively litigating two related lawsuits in the first-filed jurisdiction. *Id.* In contrast, here the first-filed case no longer exists — it has been dismissed and is not being litigated. Defendants also rely on *LG Electronics Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 815 (E.D. Va. 2001). However, the court's decision in that case was based on the fact that, because a similar case had already been litigated in the proposed forum, that forum was already familiar with the "facts of the case." *Id.* Here, SDNY has no familiarity with the facts of this case because no single issue in this Action was ever actually litigated in the SDNY Action prior to its dismissal. Thus, the existence of the now-dismissed SDNY Action does not weigh in favor of a transfer.

Further, the relative congestion of dockets in SDNY, when compared to dockets in this District, weigh in favor of denying the transfer motion. "Docket conditions are . . . relevant in

11

evaluating the interests of justice." *United States v. Google LLC*, 661 F. Supp. 3d 480, 493-94 (E.D. Va. 2023) (finding that "[t]here is no doubt that docket congestion and the likelihood of swift resolution of the [action] in this district militate against transfer to the Southern District of New York"). This factor favors denying transfer to SDNY, where the docket contains approximately 593 pending cases per judgeship, and the median time to trial is approximately 39.3 months in civil cases—compared to 398 pending cases, and 14.6 months in this District. *See* "U.S. District Courts – Federal Management Statistics – Comparison Within Circuit," U.S. Courts, https://www.uscourts.gov/sites/default/files/2025-02/fcms_na_distcomparison1231.2024.pdf (last accessed May 19, 2025). Therefore, the interests of justice weigh in favor of retaining the Action in this jurisdiction.

## CONCLUSION

In sum, each factor either weighs against transfer or is neutral to the evaluation of whether transfer is warranted. Defendants have not met their burden of providing clear and convincing evidence that transfer of venue would be in the interests of convenience or justice. Accordingly, IMRF's choice of venue should be respected, and this Court should deny Defendants' motion to transfer.

Dated: May 19, 2025                          Respectfully submitted,

/s/ Steven J. Toll
**COHEN MILSTEIN SELLERS
  & TOLL PLLC**
Steven J. Toll (Va. Bar No. 15300)
S. Douglas Bunch
1100 New York Avenue, N.W. Suite 800
Washington, D.C. 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
stoll@cohenmilstein.com
dbunch@cohenmilstein.com

*Proposed Liaison Counsel for the Class*

12

**LABATON KELLER SUCHAROW LLP**
Francis P. McConville (*pro hac vice*)
Connor C. Boehme (*pro hac vice*)
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
fmcconville@labaton.com
cboehme@labaton.com

*Counsel for Illinois Municipal Retirement Fund and
Proposed Lead Counsel for the Class*

13

## CERTIFICATE OF SERVICE

I certify that on this 19th day of May 2025, I electronically filed the foregoing using the Court's CM/ECF system, and the memorandum and related papers will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Steven J. Toll*
Steven J. Toll

14