UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
          :
FIRSTFIRE GLOBAL OPPORTUNITIES FUND  :
LLC, *Individually and on Behalf of All Others*  :
*Similarly Situated*,                                   :          25-CV-4642 (JAV)
          :
                          Plaintiffs,            :          <u>OPINION AND ORDER</u>
     -v-                                     :
          :
VENTURE GLOBAL, INC. et al.,              :
          :
                          Defendants.         :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

This action was originally commenced by FirstFire Global Opportunities Fund LLC, on behalf of itself and all others similarly situated, against Defendants Venture Global, Inc. ("Venture") and certain of its officers, alleging violations of sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The unopposed motion of Illinois Municipal Retirement Fund ("IMRF") for appointment as lead plaintiffs, as well as approving the selection of Labaton Keller Sucharow LLP ("Labaton") as lead counsel and Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as liaison counsel for the Class (ECF No. 3), is GRANTED.

## PROCEDURAL HISTORY

On February 17, 2025, a securities class action was filed in this District, *Bowes v. Venture Global, Inc., et al.*, Docket No. 25-CV-01364. The *Bowes* Complaint, brought pursuant to sections 11 and 15 of the Securities Act, sought relief on behalf of all shareholders that purchased stock pursuant to or traceable to

Venture's registration statement for an initial public offering held on January 24, 2025. Dkt. No. 25-CV-1364, ECF No. 1 at 13. The Complaint alleged that investors bought Venture stock based on false or misleading information in Venture's registration statement and prospectus regarding Venture's ability to deliver liquefied natural gas faster and at a lower cost. *Id.* at 3.

On February 17, 2025, the same day as the Complaint was filed, notice of the *Bowes* lawsuit was published via Globe Newswire. *See* ECF No. 5 ("Toll Decl."), Ex. C ("Notice"). The Notice announced that a securities class action had been filed against Venture and other defendants, as well as advised investors in Venture common stock that they had until April 18, 2025—i.e., 60 days from the date of the Notice's publication—to file a motion to be appointed as Lead Plaintiff. *See id.*

The Court received seven motions to serve as lead plaintiff in the *Bowes* case, on behalf of IMRF; Ricky Varni; Pompano Beach Police & Firefighters Retirement System ("Pompano Retirement System"); Pania Farakhian; Rodney Bicknell; Carl Conner; and Kevin McVey and Todd Havill. Dkt. No. 25-CV-1364, ECF Nos. 11-36. Before the Court could rule on those motions, however, Plaintiff Gerald Bowes filed a notice of voluntary discontinuance pursuant to Rule 41(a)(1)(A)(i). *Id.* ECF No. 41.

On April 15, 2025, the above-captioned action was filed in the United States District Court for the Eastern District of Virginia. ECF No. 1 ("Cmpl."). Similar to the Complaint in *Bowles*, the Complaint in *FirstFire* asserts claims under the Securities Act on behalf of all purchasers of the common stock of Venture pursuant

and/or traceable to the registration statement and prospectus issued in connection with Venture's January 24, 2025 initial public stock offering. *Id.* at 1-2. The Complaint in *FirstFire* alleged that the registration statement and prospectus were false and misleading, in that they did not disclose production issues with respect to one of its pending projects, or that costs with respect to another project were internally projected to be substantially more than what was disclosed. *Id.* at 4-8.

Three motions to proceed as lead plaintiff and appoint counsel were filed in *FirstFire*: by IMRF, the Pompano Retirement System, and Kevin McVey and Todd Havill. ECF Nos. 3, 7, 11. The Pompano Retirement System subsequently withdrew its motion. ECF No. 36. Plaintiffs McVey and Havill did not withdraw their motion to be lead plaintiffs but filed a notice of non-opposition to IMRF's motion, after concluding that McVey and Havill did not have the largest financial interest in the litigation. ECF No. 16.

On June 2, 2025, the district court granted Defendants' motion to transfer venue of the *FirstFire* action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). ECF No. 55. This case was designated as related to the *Bowes* action, although that action was already closed at the time of the transfer.

## DISCUSSION

### I. APPOINTMENT OF LEAD PLAINTIFF

The PSLRA governs the appointment of a lead plaintiff in a private securities class action. The PSLRA directs the Court to appoint the "most adequate plaintiff" to serve as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(B)(i). In appointing lead plaintiff,

3

the Court must adopt a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 77z-1(a)(3)(B)(iii)(I). This presumption may be rebutted only with proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Id.* § 77z-1(a)(3)(B)(iii)(II)(aa)-(bb).

The Court finds that IMRF has met its burden of demonstrating that it is the most adequate party to serve as lead plaintiff and therefore grants its motion.

### A. Timeliness Requirement

In a case arising under the Securities Act, the PSLRA requires that within 20 days of the filing of a complaint, plaintiffs must publish, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—

> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 77z-1(a)(3)(A)(i).  If additional class actions are filed, however, only the plaintiffs in the first filed action must publish the required notice.  *Id.* § 77z-1(a)(3)(A)(ii).  In evaluating the appointment of a lead plaintiff under the PLSRA, "courts have an independent duty to scrutinize the published notice and ensure that the notice comports with the objectives of the PSLRA." *City of Omaha Police & Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 23 Civ. 1769, 2023 WL 6458930, at *2 (S.D.N.Y. Oct. 4, 2023) (citation omitted).

Statutory notice was timely published in the *Bowes* case on February 17, 2025.  IMRF filed its motion for appointment as lead plaintiff in the *Bowes* case and in the *FirstFire* case 60 days later, on April 18, 2025.  ECF No. 5.  Accordingly, it has satisfied the first requirement to become the presumptive lead plaintiff.

### B. Financial Interest

The Court also finds that IMRF is the movant asserting the largest financial interest.  In assessing relative financial interests, courts in this Circuit have traditionally applied a four factor test, that considers "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period (in other words, the difference between the number of shares purchased and the number of shares sold during the class period); (3) the net funds expended during the class period (in other words, the difference between the amount spent to purchase shares and the amount received for the sale of shares during the class period); and (4) the approximate losses suffered." *Turpel v. Canopy Growth Corp.*, 704 F. Supp. 3d

456, 465 (S.D.N.Y. Nov. 30, 2023) (citation omitted). "Of these factors, courts have consistently held the fourth, the magnitude of the loss suffered, most significant." *Id.*; *see also Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014) (holding that movant that suffered the greatest financial losses has the largest financial interest in the lawsuit).

IMRF purchased more than 2 million shares of Venture stock between January 24, 2025, and February 13, 2025, and did not sell any of those shares during the class period. Toll Decl., Ex. B. IMRF has asserted losses of $17,512,283 on those stock transactions as of the day the *Bowes* action was filed. *Id.* Exs. B. IMRF's asserted loss was $32,876,804 as of the date the *FirstFire* action was subsequently filed. *Id.* Ex. B. No other movant for lead plaintiff has asserted a larger financial interest. McVey and Havill, the only movants that have not withdrawn, concede that they have a lower financial stake in this litigation, as they must: together, they purchased only 6000 shares of Venture stock during the class period, and suffered a financial loss of $129,046. ECF No. 13-1; ECF No. 16 at 2. Accordingly, the second requirement for IMRF to become presumptive lead plaintiff has also been met.

### C. Rule 23

Lastly, IMRF has made a preliminary showing that it otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. Although Rule 23's class certification requirements include numerosity, commonality, typicality, and adequacy, at this preliminary stage, "the moving plaintiff must only make a

preliminary showing that the adequacy and typicality requirements have been met." *Carpenter v. Oscar Health, Inc.*, 631 F. Supp. 3d 157, 162 (S.D.N.Y. 2022) (quoting *In re Paysafe Ltd.*, No. 21-CV-10611 (ER) (KHP), 2022 WL 1471122, at *7 (S.D.N.Y. May 10, 2022)).

A lead plaintiff's claims are typical when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Li v. Spirit AeroSystems Holdings, Inc.*, 23 Civ. 3722, 2023 WL 6938285, at *2 (S.D.N.Y. Oct. 20, 2023) (cleaned up). An adequate lead plaintiff "does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent." *Id.* (cleaned up).

IMRF meets both requirements. Like other members of the proposed class, IMRF claims that Defendants issued false and misleading statements that persuaded investors to participate in the IPO and purchase common stock, resulting in losses to its investors. Nothing suggests that IMRF has any conflict of interest with the proposed class, is subject to a unique defense, or suffers any other infirmity that would impair its ability to represent the class. IMRF has certified that it is willing to fulfill the duties of lead plaintiff and has retained experienced counsel. Therefore, IMRF is entitled to the presumption that it is the most adequate lead plaintiff.

Given the lack of opposition to IMRF's motion, no proof has been offered

rebutting this presumption. The Court therefore finds that IMRF is the most adequate plaintiff and appoints it to serve as lead plaintiff.

## II. APPROVAL OF LEAD COUNSEL

Subject to the Court's approval, lead plaintiff shall "select and retain counsel to represent the class." 15 U.S.C. § 77z-1(a)(3)(B)(v). Courts "generally defer to the plaintiff's choice of counsel, and will only reject the plaintiff's choice if necessary to protect the interests of the class." *City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, No. 20 Civ. 9132, 2021 WL 396343, at *6 (S.D.N.Y. Feb. 4, 2021) (cleaned up). "In assessing a plaintiff's selection and retention to represent a purported class, courts give significant weight to counsel's experience." *City of Omaha Police & Firefighters Ret. Sys.*, 2023 WL 6458930, at *7 (citation omitted). "In assessing a plaintiff's selection and retention to represent a purported class, courts give significant weight to counsel's experience." *Id*.

IMRF has selected Labaton as lead counsel and Cohen Milstein as liaison counsel. Each firm has substantial experience in the prosecution of securities fraud class actions, having served as lead or co-lead counsel in many securities class actions, and IMRF's choice of counsel is qualified to prosecute this securities action on behalf of the class. Toll Decl., Exs. D, E. Accordingly, the Court approves the selection of Labaton and Cohen Milstein as counsel.

## CONCLUSION

For the foregoing reasons, IMRF is appointed as lead plaintiff, Labaton is appointed as lead counsel, and Cohen Milstein is appointed as liaison counsel.

Pursuant to the schedule proposed by the parties (ECF No. 71), within 45 days of this Order, lead plaintiff will either amend the operative complaint or indicate they do not intend to amend.  Defendants will file their anticipated motion to dismiss within 60 days of either the filing of an amended complaint or the notification that lead plaintiff does not intend to amend.  Lead plaintiff shall submit any opposition to the motion to dismiss 60 days after the motion is filed.  Reply briefs shall be due 30 days after the opposition brief is filed.

The Clerk of Court is respectfully directed to terminate ECF Nos. 3, 11, and 36.

SO ORDERED.

Dated: July 25, 2025
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge