**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FIRSTFIRE GLOBAL OPPORTUNITIES FUND LLC, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>    -v-<br><br>VENTURE GLOBAL, INC., *et al.*,<br><br>          Defendants. | Case No. 1:25-cv-4642-JLR-RWL<br><br>[rel. Case No. 25-cv-01364-JLR-RWL] |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE CORRECTED AMENDED CLASS ACTION COMPLAINT**

**LATHAM & WATKINS LLP**
Jeff G. Hammel
Jason C. Hegt
Corey A. Calabrese
1271 Avenue of the Americas
New York, New York 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
jeff.hammel@lw.com
jason.hegt@lw.com
corey.calabrese@lw.com

*Attorneys for Venture Global, Inc., Michael Sabel, Robert Pender, Jonathan Thayer, Sarah Blake, Sari Granat, Andrew Orekar, Thomas J. Reid, Jimmy Staton, Roderick Christie, and Venture Global Partners, II, LLC*

*[Additional Counsel On Signature Page]*

1

Defendants[1] hereby request that the Court take judicial notice of the exhibits attached to the Declaration of Jason C. Hegt filed herewith, pursuant to Federal Rule of Evidence 201 and/or under the incorporation by reference doctrine, and other applicable law.

## LEGAL STANDARD

In one of its seminal decisions on federal securities laws, the U.S. Supreme Court held that when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "courts must consider … documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  In considering these documents, the Court is not limited to only those selective references to or quotations cited in a plaintiff's complaint.  Rather, the Second Circuit has long held that a court considering a motion to dismiss a claim premised on allegedly misleading statements in SEC filings must read and consider the at-issue documents "as a whole." *See Olkey v. Hyperion 1999 Term Trust, Inc.*, 98 F.3d 2, 5 (2d Cir. 1996) (requiring that SEC filings "must be read as a whole" in connection with the motion to dismiss) (internal quotation marks omitted); *San Leandro Emergency Med. Grp. Profit Sharing Plan v. Philip Morris Cos., Inc.*, 75 F.3d 801, 808-09 (2d Cir. 1996) (district court properly considered the full text of documents partially quoted in complaint in dismissing the complaint); *see also In re Weight Watchers Int'l Inc. Sec. Litig.*, 504 F. Supp. 3d 224, 244 (S.D.N.Y. 2020) (considering documents "holistically and in their entirety" when analyzing them "for compliance with the securities laws").

Here, the Court may take judicial notice of, and/or consider Exhibits 1-8 for the foregoing reasons.

---

[1] All terms not defined herein shall have the same meaning as in the Memorandum of Law in Support of Defendants' Motion To Dismiss the Corrected Amended Class Action Complaint, filed herewith.

## DISCUSSION

### A.     The Court May Take Judicial Notice Of And Consider Exhibits 1 & 2

Exhibits 1 (VG's Form S-1) and 2 (VG's Form 10-K) are documents that VG filed with the SEC. The Court may take judicial notice of and consider Exhibits 1 and 2 for two reasons:

*First*, Plaintiffs cite and quote Exhibits 1 and 2 numerous times in the Corrected Amended Complaint (the "AC," cited as ¶_) (ECF No. 89). That is because Exhibit 1 contains the statements that Plaintiffs claim violated federal securities laws (¶¶ 170-99), and Exhibit 2 contains the statements that Plaintiffs argue revealed those S-1 statements to be misleading (¶¶ 186, 189-209). Plaintiffs' quotation, citation, and reliance on the documents make them "integral" to their claims, and incorporated by reference into the AC. *Int'l Bhd. of Teamsters, Garage Emps. Loc. 272 Lab. Mgmt. Pension Fund v. Apple Inc.*, 2024 WL 475018, at *3 (S.D.N.Y. Feb. 7, 2024); *In re FedEx Corp. Sec. Litig.*, 517 F. Supp. 3d 216, 221 (S.D.N.Y. 2021). The Court is therefore permitted to consider the referenced documents, and to use them to assess the falsity of the challenged statements. *See id.* ("The Court also considers facts drawn from the news releases, financial reports, and transcripts of earnings calls that contain the statements that Plaintiffs allege were false or misleading, and which are incorporated into the Complaint by reference."); *Ong v. Chipotle Mexican Grill, Inc.*, 294 F. Supp. 3d 199, 235-36 (S.D.N.Y. 2018) (incorporating SEC filings and considering them to assess the falsity of challenged disclosures); *see also Cortec Indus., Inc. v. Sum Holdings L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991) (court should consider documents integral to complaint).

*Second*, Exhibits 1 and 2 are also copies of documents that VG publicly filed with the SEC, and therefore they are not subject to reasonable dispute and can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See Kramer v. Time*

*Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (taking judicial notice of information in SEC filings as "facts 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'") (quoting Fed. R. Evid. 201(b)(2)).  As a result, the Court, under Federal Rule of Evidence 201(b)(2) and consistent with other holdings in this Circuit, may take judicial notice of the documents' contents and what they state when deciding Defendants' Motion to Dismiss.  *See, e.g.*, *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 462 (2d Cir. 2019) (recognizing that on a motion to dismiss, the court may consider "public disclosure documents filed with the SEC"); *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 179 (2d Cir. 2014) (holding that on a motion to dismiss, courts may consider "public disclosure documents required by law to be, and that have been, filed with the SEC"); *In re Am. Int'l Grp., Inc. Derivative Litig.*, 700 F. Supp. 2d 419, 444 (S.D.N.Y. 2010) ("[SEC filings] are amenable to judicial notice"), *aff'd*, 415 F. App'x 285 (2d Cir. 2011).

**B.     The Court May Take Judicial Notice Of And Consider Exhibits 3-8**

The Court may also take judicial notice of and consider Exhibits 3 to 8, which are press releases issued by VG regarding long-term contracts with customers.  Courts in this District take judicial notice of and rely on such documents for purposes of determining publicly available information during the periods relevant to Plaintiffs' claims.  *See Lipow v. Net1 UEPS Techs., Inc.*, 131 F. Supp. 3d 144, 158 (S.D.N.Y. 2015) (holding that "matters of which judicial notice can be taken include press coverage establishing what information existed in the public domain during periods relevant to the plaintiffs' claims") (quotations omitted); *In re Bank of Am. AIG Disclosure Sec. Litig.*, 980 F. Supp. 2d 564, 570 (S.D.N.Y. 2013) (same), *aff'd*, 566 F. App'x 93 (2d Cir. 2014); *see also Gonzales v. Nat'l Westminster Bank PLC*, 847 F. Supp. 2d 567, 569 n.2 (S.D.N.Y. 2012) (taking "judicial notice of publicly available information including newspaper articles"); *In re*

*Salomon Analyst Winstar Litig.*, 2006 WL 510526, at \*4 n.6 (S.D.N.Y. Feb. 28, 2006) (taking judicial notice of the fact that news articles were published, and collecting cases doing the same). In evaluating Plaintiffs' allegations about VG's long-term customer contracts, the Court may consider the information on this topic, which was in the public domain at the time Plaintiffs filed their AC, but which Plaintiffs elected not to reference, including Exhibits 3 to 8.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1-8 in adjudicating the Motion to Dismiss because they are (i) incorporated by reference and/or are integral to the AC, and (ii) subject to judicial notice.

Dated: November 14, 2025

Respectfully submitted,

**LATHAM & WATKINS LLP**

*/s/ Jeff G. Hammel*
Jeff G. Hammel
Jason C. Hegt
Corey A. Calabrese
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864
jeff.hammel@lw.com
jason.hegt@lw.com
corey.calabrese@lw.com

*Attorneys for Venture Global, Inc., Michael Sabel, Robert Pender, Jonathan Thayer, Sarah Blake, Sari Granat, Andrew Orekar, Thomas J. Reid, Jimmy Staton, Roderick Christie, and Venture Global Partners, II, LLC*

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Lissa M. Percopo*
Robert F. Serio
Mary Beth Maloney

5

200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
rserio@gibsondunn.com
mmaloney@gibsondunn.com

Lissa M. Percopo (admitted *pro hac vice*)
1700 M Street, N.W.
Washington, D.C. 20036-4504
Telephone: (202) 955-8500
lpercopo@gibsondunn.com

*Attorneys for Defendants Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, BofA Securities, Inc., ING Financial Markets LLC, RBC Capital Markets, LLC, Scotia Capital (USA) Inc., Mizuho Securities USA LLC, Santander US Capital Markets LLC, SMBC Nikko Securities America, Inc., MUFG Securities Americas Inc., BBVA Securities Inc., Loop Capital Markets LLC, Natixis Securities Americas LLC, Deutsche Bank Securities Inc., Wells Fargo Securities, LLC, Truist Securities, Inc., National Bank of Canada Financial Inc., Raymond James & Associates, Inc., Regions Securities LLC, Guggenheim Securities, LLC, and Tuohy Brothers Investment Research, Inc.*

6