# Exhibit 1

PCHRFIRc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x

FIRSTFIRE GLOBAL OPPORTUNITIES
FUND LLC, Individually and on
Behalf of All Others Similarly
Situated, et al.,

                    Plaintiffs,

              v.                        25 Civ. 4642 (JLR)

VENTURE GLOBAL, INC. et al,
                                        Remote Conference

                    Defendants.

-------------------------------x

                                        New York, N.Y.
                                        December 17, 2025
                                        11:30 a.m.

Before:

                HON. JENNIFER L. ROCHON,

                                        District Judge

                        APPEARANCES

LABATON KELLER SUCHAROW LLP
     Attorneys for Plaintiff
BY:  ALFRED LOUIS FATALE, III


LATHAM & WATKINS LLP
     Attorneys for Defendants
BY:  JEFF G. HAMMEL
     JASON CRAIG HEGT

PCHRFIRc

(Case called)

THE COURT:  Before we get started let me place a few things on the record.  We are proceeding with this conference via Microsoft Teams through video conference, but court conferences are public proceedings and therefore a listen-only line was noticed on the docket for any public or press who wished to join.  I have on the line my clerk, my deputy; I also have a court reporter who is transcribing these proceedings.  And as a reminder no one other than court personnel may record, rebroadcast, or disseminate the proceedings.

Let me take appearances first.  Who do I have here on behalf of the plaintiff?

MR. FATALE:  Good morning, your Honor.  Al Fatale from Labaton Keller Sucharow on behalf of plaintiffs.

THE COURT:  Thank you.

And who is here on behalf of the defendant?

MR. HAMMEL:  Good morning, your Honor.  This is Jeff Hammel from Latham & Watkins, along with my colleague Jason Hegt, and we represent Venture Global and the individual defendants.

THE COURT:  Thank you very much.

I've brought the partners here so that we could get things situated as soon as possible.  I have a letter dated December 5 that was filed by plaintiffs, attaching an amended complaint.  Then I received a letter from Latham & Watkins on

PCHRFIRc

December 8 that contests that amended complaint, which the

plaintiffs have deemed a second amended complaint, should be

filed.  If it is accepted by the Court, defendants

alternatively seek an order that no further amendments shall be

granted.  And then I have a December 11 response from the

plaintiffs responding to the arguments raised by the defendant

with respect to whether their second amended complaint was

filed pursuant to Rule 15(a)(1) or alternatively under

15(a)(2.)

I thought what I would do is I would bring everyone

together here to talk their arguments out.  I do have and have

read closely the letters that were filed, but I want to give

you an opportunity to be heard.  And why don't we then start

with plaintiff because plaintiff is seeking to file the amended

complaint.  Then I'll hear from defendant.

Mr. Fatale.

MR. FATALE:  Thank you, your Honor.  That is correct.

You have the right record in front of you, and this argument is

about whether the Court should strike the second amended

complaint or allow it to stand.  There are two independent

reasons on why the second amended amendment complaint should --

(Lost connection)

THE COURT:  We lost you.  You started with first.

MR. FATALE:  Yes.

First, under Rule 15(a)(1)(B), plaintiffs were

entitled to amend as a matter of course 21 days after a motion to dismiss.  We did exactly that.  The complaint was filed on the 21st day.  Though on the 21st day, the prior amendments and corrections were each made with the defendants' consent and court leave, which is under Rule 15(a)(2).  Courts have confirmed, although the letters made clear, the Second Circuit hasn't addressed this, and there are diverging case law.  The cases we put forward, *Do*e from the Northern District of New York and *Ramirez* from the Ninth Circuit, have confirmed plaintiffs' reading of Rule 15(a) and 15(a)(2) being different.  But even if the Court was to disagree with the readings in those courts or want to not address the cases that some other cases have avoided addressing the question, we believe that the complaint should still stand under 15(a)(2).

15(a)(2) gives a very liberal amendment policy if justice so requires.  We believe justice so requires here.  Our complaint was the second amended complaint and was filed in response to the motion to dismiss.  We believe it clarifies our theory, removes challenges, allegations, adds recent developments, and really meets the motion to dismiss as we understood it.  This would also be in line with the advisory committee note from the 2009 amendment, which encourages this approach, to meet the motion to dismiss, to preserve judicial resources in not having to do multiple orders on an initial complaint or amended complaint.

On the last point, defendants request to bar future apartments. It is our position that that would be contrary to Second Circuit law to prejudge that at this point. Plaintiffs should have an opportunity to amend after the Court identifies pleading defects. Now, the Court could still dismiss our complaint with prejudice if the Court felt there was no way for us to meet any future insufficiencies you've found, but I definitely, in my practice, get orders from the judge saying, you are 99 percent there. Is there some allegation? Is there something you can correct? And I don't think it's appropriate under Second Circuit law to prejudge future amendments at this point without having that ruling from the Court.

You know -- yes. Go ahead.

THE COURT: That's fine. Anything further?

MR. FATALE: No. Well, your Honor, I would just respond to some of the defendants' arguments. I think defendants argued we used up our one amendment under (a)(1). We think that they're disjunctive, (a)(1) and (a)(2). Defendants' claim of prejudice and delay is really just that they have to file a motion to dismiss again. I don't think that's the sort of prejudice that courts are looking for under 15(a)(2). If you look at their cases, like *BPW Rhythmic* or *Kaye v. New York*, these were amended complaints filed outside the 21 days, while motion for summary judgment was pending, while discovery was going on; not at the beginning of the

litigation where, you know, you are filing an amended complaint to meet the arguments in a first motion to dismiss.

THE COURT:  Thank you.  Thank you very much.

Mr. Hammel?

MR. HAMMEL:  Thank you, your Honor.

I should have noted when I made the appearances that also on the call is Ms. Percopo who represents the underwriter defendants.  So I just wanted to make the record clear on that.

So look, I think it's worth a tiny bit of background on this case, and then I will propose what may be a practical solution to this situation.  And so, first on background, I think that it's important to keep in mind that this is, this current complaint, what my friend Mr. Fatale is calling the second amended complaint, is at least the fourth complaint that's been filed in this case, the third by this plaintiff and this law firm.

And so this case has been going on a while.  We filed a motion to dismiss, the defendants did.  And it's important to keep in mind, I think there are 31 defendants in this case. There's a company, nine individuals, 21 banks.  We coordinated closely on filing a single motion to dismiss at considerable time and expense.  And now plaintiffs are effectively asking for a do-over, and it's a recognition, I think, that the motion to dismiss made some compelling arguments.  And now this latest complaint is intended to meet those arguments according to

PCHRFIRc

plaintiffs' letter.

So we can argue over the procedure. I think that there is a very compelling argument that plaintiffs do not have an ability to amend as of right here, as they presumed in their initial letter. I point, your Honor, to the *Ferrellgas* case by Judge Sullivan, which was not by the lead plaintiffs' law firm, to be the first complaint, and then he denied a motion to dismiss with prejudice.

We could argue whether leave is appropriate under Rule 15(a)(2). There's no question he did not --

THE COURT: Well, can I pause you there for a minute, Mr. Hammel?

The Sullivan opinion, in that case, wasn't it a case where Sullivan denied leave to amend the complaint after the Court had granted a motion to dismiss, and there weren't any amendments that were suggested that would solve the pleading deficiencies? That's a bit of a different circumstance than we have here, right?

MR. HAMMEL: That is correct, but I think that's the circumstance that we're effectively in. Because what Mr. Fatale is suggesting, I think, and I'll get to what I hope is a practical solution in a moment. But what I think Mr. Fatale is suggesting is they get to file yet another amended complaint now. Have us move to dismiss that one so we have to file a second motion to dismiss. But then they've

PCHRFIRc

hedged their bets, and they still get to keep the option open of filing yet another complaint, depending on how that turns out, without producing any suggestion that they could do any better than this complaint, which I think is what makes it similar to the *Federal Gas* case where Judge Sullivan found that there was no reason to believe they could do better.

And so that's the background where we find ourselves here, and we appreciate your Honor's time and consideration on it.  One way forward here might be to take the plaintiffs at their word, that this latest complaint marshals all of the facts that they have, all of the allegations that they can make, and that this is their very best effort to plead a claim.

We would then move to dismiss against that complaint. We'll coordinate with Ms. Percopo, and all of the 31 defendants will file another motion to dismiss.  And if we prevail on that motion, that dismissal should be with prejudice because we have plaintiffs' best case.  This is the best they can do and that's consistent with long-standing precedent in this circuit. Mr. Fatale relies on the *Loreley* case in his letter, and he was alluding to, I think, in his comments that there's some suggestion that plaintiffs are allowed to get or entitled to get a decision from a Court pointing out the defects in their complaint before they have to replead again.  And there is some language that suggests that in *Loreley*.  But if you read the following paragraph in *Loreley*, it makes perfectly clear that

PCHRFIRc

futility of amendment has been and remains a valid basis to deny an amendment.  And if we find ourselves with a motion to dismiss that is successful on what has to be their best case going forward, we would have that ground.

And so I would suggest to your Honor that that would be a path forward.  But we just can't -- in our opinion, we can't keep doing this again and again, a new complaint and a new motion to dismiss.  It takes your Honor's time, and it certainly takes a lot of time and resources from the defendants.

THE COURT:  Thank you.

Mr. Fatale, anything else you would like to add?

MR. FATALE:  On that last point of this compromise, I think it would be wrong to cage the Court in on a decision of futility of this complaint, not seeing their motion to dismiss decision on it yet or writing their opinion.  It's completely within the Court's decision after reading the motion to dismiss and ruling on it to find at that time that future amendment would be futile.  But I think prejudging it at this scheduling hearing and in this context text runs contrary to *Loreley*, and is not the appropriate time because the Court does not have the information completely in front of it to determine whether a future amendment would be futile one way or the other.

THE COURT:  Thank you very much.

So, Mr. Hammel, what you are suggesting is essentially

PCHRFIRc

the suggestion that you made in your letters, is that correct, that they would not be able to amend again?  Although I guess you're adding now unless -- well, if there's a futility argument?  What are you adding to what is already in your letter?

MR. HAMMEL:  What I'm proposing is rather than considering, although your Honor can consider it.  Rather than striking this current complaint and having us complete the briefing on the motion to dismiss on the prior complaint, having your Honor take the time to decide the motion to dismiss on that prior complaint, while we all know that the plaintiffs have and want to amend and what that amendment.  It would save everyone a little bit of time, cut to the chase, and we essentially moot the current motion to dismiss.  Start over against the complaint that the plaintiffs have filed as their best effort to plead a claim, and note now that if the motion to dismiss on that complaint is successful, it will be with prejudice so that we're not here again.

And to Mr. Fatale's point, if they're able to marshal something new later, they need to present it in some way to the Court.  They can't just automatically get another bite at the apple, which I think is what I'm hearing that the plaintiffs feel that they're entitled to, that they get, almost as a matter of course, another amendment even if they lose a motion to dismiss without presenting the Court with some basis to

PCHRFIRc

think that they can actually plead a motion.  And that's not consistent with the law in the Southern District or *Loreley*.

THE COURT:  I'm not exactly hearing that from Mr. Fatale, but I understand your position now.

I am going to rule now on the record.  And I ask for your indulgence and patience because I want to make sure I give a complete ruling, and that includes cases.  And so you'll have to sit there while I give case citations.  Apologies, but I want to try to move this case along.

So I am going to assume that the parties are familiar with the facts and the procedural posture of this case and only give a brief review of the relevant background.

On April 15, 2025, FirstFire Global Opportunities Fund LLC commenced this securities class action in the Eastern District of Virginia against Venture Global, Inc, certain officers of Venture Global, and a group of investment banks, all collectively as the defendants, alleging that the defendants violated Sections 11, 12(a)(2) and 15 of the Securities Act of '33 as amended by the PSLRA of '95 during their initial public offering held on January 24, 2025.

Before FirstFire filed suit, a similar case had also been filed in the Eastern District of Virginia, *Bowes v. Venture Global*, 23 Civ. 1364, making similar allegations, but that case was voluntarily dismissed.  On June 2 the district court in the Eastern District of Virginia granted defendants'

PCHRFIRc

motion to transfer this action to the Southern District of New New York where it was eventually assigned to Judge Vargas.

On July 25, 2025, the Illinois Municipal Retirement Fund was appointed as lead plaintiff, and pursuant to a stipulation with the defendants would amend their complaint within 45 days.  That's at Docket 72.

On September 15, 2025, plaintiffs filed their first amended complaint, Docket 75 and 77, and the case was then reassigned to this Court on November 6, 2025.

On November 13, 2025, plaintiffs, with the consent of defendants, filed a corrected complaint to resolve Scrivener's errors according to plaintiff in the first amended complaint. Docket 89.

Defendants then find a motion to dismiss on November 14, 2025.  Docket 94.

On December 5, 2025, plaintiffs filed a second amended complaint, explaining in a letter that they sought to file the amended pleading as of right under Federal Rule of Civil Procedure 15(a)(1).  Dockets 101 and 102.

Defendants subsequently filed a letter on December 8, 2025, claiming that plaintiffs impermissibly filed the second amended complaint under Rule 15(a)(1), and failed to request leave of the Court under Rule 15(a)(2), asking the Court to strike the second amended complaint or, in the alternative, prohibit future amendments.  Docket 104.

PCHRFIRc

On December 11, 2025, plaintiffs filed a reply to defendants' letter claiming they were permitted to file the second amended complaint under Rule 15(a)(1) or, in the alternative, requested that the Court grant leave to amend under Rule 15(a)(2).  Docket 106.

Plaintiffs argued that leave should be granted because the second amended complaint narrows the issue, and plaintiffs also addressed the defendants arguments.

The Court will accept the second amended complaint under Rule 15(a)(2).

Plaintiff argues that it is an open question in the Second Circuit as to whether a party waives their right to amend under Rule 15(a)(1) but first amending under Rule 15(a)(2), citing to *Estate of Mechling v. U.S. Bank Nat'l Ass'n,* 2024 WL 404539, District of Connecticut, February 2, 2024, where the court stated, "The Second Circuit has not yet addressed the question of whether a plaintiff waives their right to amend as a matter of course under Rule 15(a)(1) if they first amend their complaint under Rule 15(a)(2)."

In any event, the Court need not address that question because it will grant plaintiffs' leave to amend under Rule 15(a)(2).  Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings before trial.  Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course no later than...(A) 21 days after serving it, or (B)...21 days

PCHRFIRc

after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

All other amendments to pleadings before trial are governed by Rule 15(a)(2), which permits a party to "amend its pleadings only with the opposing party's written consent or the court's leave."  Under Rule 15(a)(2), a "court should freely give leave when justice so requires."

When considering whether to grant a party leave to amend, the Second Circuit instructs district courts to "hew to the liberal standard set forth in Rule 15," because there is a "strong preference for resolving disputes on the merits." *Loreley Financial No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).  I am also citing to *Williams v. Citigroup Inc.,* 659 F.3d 208, 212-13 (2d Cir. 2011)

A district court may, in its discretion, deny leave to amend for limited reasons, "such as undue delay, bad faith, dilatory motive, and futility." *Loreley Financial*, 797 F.3d at 190.  Here, the Court finds that plaintiffs should be granted leave to amend since it is early in the litigation; defendants do not allege that plaintiffs amended for an improper purpose, or that further amendment would be futile.

The present suit is relatively early in the litigation, with this claim was Filed in April of 2025. Relevant conduct occurred in January of 2025.  A consolidated

PCHRFIRc

complaint was filed in September of 2025 with a corrected version filed in November of 2025.

This second amended complaint was filed in December of 2025 in response to the motion to dismiss that was filed on November 14, 2025.  That second amended complaint, according to plaintiff, attempts to address the arguments defendants raised in their motion to dismiss.  Docket 106 at 3.

In a complex case such as the present action, pleading defects can "be latent, and easily missed or misperceived without full briefing and judicial resolution." *Loreley No. 3.*, 797 F.3d at 191*, and In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 312-13 (S.D.N.Y. 2008)  And as such, the Court will not prohibit the plaintiff from addressing defects in the pleading before the motion to dismiss is decided so that the case can be resolved on the merits through the motion to dismiss.  Furthermore, as I said before, defendants don't claim that plaintiffs' amendment would be futile or was filed for an improper purpose.

Defendants argue that plaintiffs have not explained why leave would be appropriate at this juncture and that the second amended complaint does not actually address the dispositive flaws in the earlier complaint.  Docket 103 at 2. But this is not an allegation of improper purpose such as bad faith or undue delay, and even if the Court construes this as a futility argument and stretches it to be a futility argument,

PCHRFIRc

the Court is in no position to make such a determination now or has anything been presented to it for the Court to find that the amendment right now would be futile.

And to assess whether an amendment would be futile requires the Court to address the merits of a pending motion to dismiss.  And since the motion to dismiss isn't even fully brief, I am not going to deny leave to amend based on the defendants' claim that their motion to dismiss will ultimately succeed.

The cases cited by defendants do not persuade the Court otherwise.  For example, defendants cite to *In re Ferrellgas Partners, L.P., Sec. Litig.*, 2018 WL 2081859, (S.D.N.Y. March 30, 2018), and they cite to that case from Judge Sullivan for the proposition that a Court denied plaintiffs an opportunity to replead a securities class action where the lead plaintiff had filed only one amended complaint. Docket 103 at 3.  But what defendants are not appreciating is that the Court in *In re Ferrellgas* denied leave to amend after the court had granted motion to dismiss and the plaintiffs had not proposed amendments that would solve the pleading deficiencies.  That's at *In re Ferrellgas*, 2018 WL 2081859 at *21.  The court in that case explained that the plaintiffs "had not even attempted to explain why additional opportunity to amend would cure the complaint's deficiencies." *Id*.  Here the motion to dismiss has not been fully briefed, let alone

decided, and the plaintiffs are proposing amendments that they claim meet the arguments in the motion to dismiss and will reduce a number of issues to be decided by the Court. Docket 106 at 3.

The other cases cited by defendant are equally unpersuasive since they all denied leave to amend after a motion to dismiss or in the context of a motion to vacate and modify the court's judgment. For example, e.g., *In re Danimer Sci., Inc. Sec. Litig.,* No. 21-cv-02708 (HG), 2023 WL 6385642, *16 (E.D.N.Y. Sept. 30, 2023) the court denied leave to replead after a motion to dismiss was granted because the plaintiffs "neither made a formal motion to amend their complaint nor described what new information they would plan to add to a second amended complaint."  And *NRW, Inc. v. Bindra,* 2015 WL 3763852 (S.D.N.Y. June 16, 2015) where the court also denied leave to file a fifth amend and complaint after assessing each amendment and determining that they did not dress the deficiencies identified in an earlier motion to dismiss.

Although plaintiff did not initially request leave to amend, they later supplemented their filing with such a request.  See Docket 106 at 2 to 4.  The Court has inherent authority to manage their dockets and courtrooms with a view toward the efficient, expedient resolution of cases.  And given that it's early in this litigation, the motion to dismiss has not been decided.  It would be most efficient and expedient for

PCHRFIRc

the Court to have all allegations before it in deciding a motion to dismiss.  And the plaintiffs also provided the Court with an explanation for why they should be granted leave to file the second amended complaint, and the Court sees no reason to strike that pleading, therefore the Court will permit the filing of the second amended complaint.

The Court will not prohibit future amendments at this point.  Defendants claim that "it is not efficient for the Court or the parties to continue restarting the dispositive motion practice" by permitting the plaintiff to amend in the future.  Docket 130 at 3.  But judicial efficiency is not one of the limited reasons, such as undue delay, bad faith, dilatory motive, and futility.  In fact, I do find the court in the decision in *Loreley Financial* to be persuasive in the present procedural posture.  In that case, the Second Circuit rejected a similar preemptive denial of future amendments.  And that is 797 F.3d 160.

The district court in that case held a premotion conference after defendant filed their motion to dismiss.  And at that conference, the court gave plaintiff an ultimatum much like the one defendants are asking for here.  Either cure the deficiencies not yet fully briefed and decided or forfeit the opportunity to replead.  The Second Circuit held that such a procedure was inconsistent with Rule 15(a)(2) and an abuse of discretion.  The panel explained that while a district court

PCHRFIRc

can deny leave to amend for undue delay, bad faith, dilatory motive, and futility, the denial to replead was not based on such reasons.  "Rather the court treated plaintiffs' decision to stand by the complaint after a preview of defendants' arguments in the critical absence of a definitive ruling as a forfeiture of the protections afforded by Rule 15.  This was, in the Second Circuit's view, "premature and inconsistent with the course of litigation prescribed by the federal rules."  Id.

Defendants' proposal to prohibit future amendments by plaintiff would be similar to the procedure that the Second Circuit found to be improper, and I will not impose such a restriction.  If at the end of the decision on the motion to dismiss, there's reason to deny future amendments, such as few futility grounds or otherwise, the Court will do so.  But at this point, I'm not going to preemptively prohibit future amendments, and therefore I'm going to deny the motion to strike the second amended complaint and permit it to be filed at this point.

OK.  Thank you for your patience.

Is there anything further, Mr. Fatale, that we should discuss here today?

MR. FATALE:  No.  Just that I just want to understand the procedure, so I don't have to file anything again.  What I filed on December 5 is the second amended complaint.

THE COURT:  Yes, that's fair.

PCHRFIRc

MR. FATALE:  I just want to make sure.

THE COURT:  But that will moot out the first motion to dismiss.  It will be refiled.  You'll have the opportunity to do that.  If you need a few extra days, Mr. Hammel, because my ruling came later than when the motion was actually filed on December 5, that's fine.  In fact, the parties may even be working out a motion schedule which would be the most preferable in a case like this.  I do appreciate that a lot went into putting together that motion to dismiss, and there are a lot of defendants.  So I understand if additional time will be necessary.  So you'll come up with that briefing schedule.

Mr. Hammel, anything further that we need to discuss here today?

MR. HAMMEL:  No, your Honor.  We'll confer with Mr. Fatale on a schedule and present the new motion to dismiss to the Court.  Thank you.

THE COURT:  I do appreciate that.  Thank you very much.

Thank you for getting on this call quickly especially before the holidays.  I hope everyone has a nice holiday if you celebrate, and court is adjourned.  I'll put out an order shortly with my ruling.  Thank you.

(Adjourned)